UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

EDWARD R. WINEGARD,

          Plaintiff,

-vs-                                      Case No.  5:03-cv-349-Oc-10GRJ

PROGRESS ENERGY CORPORATION,

          Defendant.
_____

## **O R D E R**

This case is before the Court for consideration of the Defendant's Bill of Costs (Doc. 55).  On April 8, 2005, in accordance with Rule 54(d)(1), Federal Rules of Civil Procedure, the Clerk taxed the Defendants' Bill of Costs in the amount of $2,684.01.  The Plaintiff has filed objections to the Defendant's Bill of Costs (Doc. 56), and the Defendant has responded to the objections (Doc. 59).

Pursuant to Rule 54(d)(1), the Clerk of the Court may tax the costs of the prevailing party, and the Court may review the taxation on a motion by the non-prevailing party.  The Plaintiff has filed objections to the Defendant's Bill of Costs, and the Court will consider each of the Plaintiffs' objections separately in this Order.  Specifically, the Court will consider whether the costs that the Defendant requests to be taxed by the Clerk are provided for in 28 U.S.C. § 1920, which limits the costs that may be awarded under Rule 54(d)(1).

**Depositions**

The Eleventh Circuit has held that 28 U.S.C. § 1920(2) authorizes the taxation of costs for a deposition if the deposition is "necessarily obtained for use in the case."[1] And, with regard to determining the "necessity" of a deposition, the law on this issue places the burden on the non-prevailing party to show that a deposition should not be taxed.[2] Thus, the Plaintiff's objections with regard to the taxed depositions in this case will be sustained if the Plaintiff shows an absence of necessity.

The Defendant seeks $1,816.05 in costs for the depositions of Edward Winegard, Lawrence Schweitzer, Luke Odom, Tony Brannan, James Glass, David Goff, Brad Dyess, John Field, and William Naylor. The Plaintiff argues that these depositions should not be taxed as costs because the depositions were taken in a different case: the state lawsuit pending between the Parties in the Circuit Court for Marion County, Florida, Case Number 03-2086-CA-K. In particular, the Plaintiff argues that the deposition of William Naylor, which was taken on February 21, 2005, should not be taxed as a cost because the

---

[1] United States E.E.O.C. v. W&O, Inc., 213 F.3d 600, 621 (11th Cir. 2000) (internal citations omitted). See also Zunde v. Int'l Paper Co., 2000 WL 1763843, *5 (M.D. Fla. 2000) (stating that "the cost of a deposition may be taxed where the deposition could reasonably be expected to be used for trial preparation or at trial.").

[2] Zunde, 2000 WL 1763843 at *5 (stating that "[t]he non-prevailing party bears the burden of proving that the taking of a deposition should not be taxed."); Desisto College v. Town of Howey-In-The-Hills, 718 F. Supp. 906, 910 n.1 (M.D. Fla. 1989) (stating that "[t]his Court sees no reason why at the conclusion of the case a losing party cannot discern the necessity of a deposition for the purpose of arguing whether or not the deposition was necessarily obtained.").

deposition was taken after discovery closed and was not used by the Defendant in this case.[3]

The Court concludes that $1,816.05 in deposition costs are due to be taxed. The fact that there is an action pending in state court does not prevent the Defendant from recovering the costs of depositions that were necessarily used in this case, as well as the state action. The Plaintiff has not shown that these depositions were unnecessary in this case. In fact, the docket sheet reflects that all of the depositions, except for Mr. Naylor's, were submitted by the Plaintiff in his response to the Defendant's motion for summary judgment.[4] As for Mr. Naylor's deposition, the Defendant has explained that Mr. Naylor was unable to appear for his originally scheduled deposition, therefore the Defendant took his deposition at a date later than the other witnesses in this case. The Defendant also argues that Mr. Naylor was listed as a witness in the pretrial statement, showing that his testimony was necessary for use in this case.[5] The Court is persuaded by the Defendant's arguments that all of the deposition costs it wishes to recover were necessarily incurred for

---

[3] Discovery closed on December 15, 2004 and the Parties' motion deadline was December 31, 2004. See Doc. 13, Amended Case Management and Scheduling Order.

[4] See Doc. 34, Deposition of Tony Brannan, Doc. 35, Deposition of Luke Odom; Doc. 36, Deposition of James Glass; Doc. 37, Deposition of Lawrence Schweitzer, Doc. 38, Deposition of James Dyess; Doc. 39, Deposition of John Field; Doc. 40, Deposition of Edward Winegard; Doc. 41, Deposition of David Goff.
   In E.E.O.C., the Eleventh Circuit held that "[a] district court may tax costs 'associated with the depositions submitted by the parties in support of their summary judgment motions.'" 213 F.3d at 621 (citation omitted).

[5] See Doc. 46, Amended Joint Final Pretrial Statement.

3

use in this case.[6] Accordingly, $1,816.05 in deposition costs are due to be taxed, and the Plaintiff's objections to these costs are due to be overruled.

### Photocopying Costs

The Defendant requests $867.96 in photocopying charges, to which the Plaintiff objects. The Plaintiff contends that "[t]here is no indication as to how many copies were made and what documents were copied . . . [and there is also] no indication that any of these documents were used in this case."

Pursuant to 28 U.S.C. § 1920, the prevailing party may recover its costs for copies necessarily obtained for use in the case. To recovering its photocopying costs, the prevailing party must produce adequate documentation to show that the copies were necessary, and that such copies were used, or intended for use, in the case.[7]

The Defendant has offered detailed explanations for $302.16 in photocopying charges, including $104.25 for copies of documents produced by the Plaintiff in response to the Defendant's request for production, $148.31[8] for copies of the Plaintiff's medical records, and $49.60 for copies of the Plaintiff's employment records. This documentation sufficiently shows that defense counsel could have felt it was reasonably necessary to copy

---

[6] See Murphy v. City of Flagler Beach, 761 F.2d 622, 631 (11th Cir. 1985) (upholding taxation of costs for a deposition when the losing party listed the deponent on its witness list).

[7] George v. GTE Directories Corp., 114 F. Supp. 2d 1281, 1299 (M.D. Fla. 2000). See also Desisto College, 718 F. Supp. at 910 n.1 (stating that the prevailing party bears the burden of proof to show that photocopying expenses were reasonably necessary); Scelta v. Delicatessen Support Services, Inc., 203 F. Supp. 2d 1328, 1340 (M.D. Fla. 2002).

[8] The charges are separately billed in the amount of $73.40 and $74.91.

the documents at issue, and that the copies were used, or intended for use, in the case. Also, the charges appear to be reasonable. The Defendant has failed, however, to provide adequate explanation or documentation for the remaining $565.80 in photocopying charges. Accordingly, the Court concludes that the Defendant's Bill of Costs is due to be reduced by $565.80 and only $302.16 in photocopying charges are due to be taxed.

### Conclusion

Accordingly, upon due consideration, the Plaintiff's objections (Doc. 56) are overruled in part and sustained in part, as set forth in this Order, and the Bill of Costs taxed by the Clerk is hereby reduced to the sum of $2.118.21,[9] for which execution may issue.

IT IS SO ORDERED.

DONE and ORDERED at Ocala, Florida this 17th day of May, 2005.

*[signature]*

UNITED STATES DISTRICT JUDGE

Copies to:   Counsel of Record
             Maurya McSheehy, Courtroom Deputy

---

[9]   $1,816.05 for depositions costs plus $302.16 in photocopying charges.